NARETTI v. SCULLY.

(District Court, E. D. Pennsylvania. December 6, 1904.)

No. 1.

1. RELEASE—EXECUTION—DURESS.

Evidence reviewed, and *held* to negative a claim that a release of a cause of action for injuries was without consideration, and was executed by libelant through fear of imprisonment.

2. SAME—DEFAULT—COSTS.

Where, after a libel in admiralty had been filed, respondent made default, and settled the case out of court, he was not entitled to have a release executed on such settlement filed in satisfaction of a judgment recovered against him by default, except on payment of costs authorized by Rev. St. § 983 [U. S. Comp. St. 1901, p. 706].

Petition Directing Clerk to File a Release Allowed Upon Payment of Costs.

See 131 Fed. 399.

Joseph Hill Brinton, for libelant.
George Hart, for respondent.

HOLLAND, District Judge. The libelant sued Scully in admiralty for damages resulting from a personal assault on January 7, 1904, and he (Scully), after entering bail in the sum of $500, failed to appear or do anything else in defense of the cause. Judgment pro confesso was entered March 18, 1904, and on the 23d day of the same month a meeting by the commissioner, Jasper Yates Brinton, Esq., was called, for the purpose of assessing damages, and attended by respondent's counsel, Mr. Hart, among others, who, however, withdrew before the meeting adjourned. Subsequently, on June 22, 1904, a decree was entered against Scully directing him to pay $300 damages, together with interest and costs. It appears, however, that on May 28, 1904, the libelant executed a release in full to Scully for any claim of damages then resulting in this suit, or that might afterwards be charged against him, and he presented this paper to the clerk of the District Court,

with a request that it be filed in satisfaction of the judgment entered in the case, without offering to pay the costs accrued to that time. The clerk rightly refused to file the same with that effect. Scully, by his attorney, in July, 1904, presented a petition asking the court to direct the clerk to file this release in satisfaction of the judgment. Naretti, the libelant, now repudiates this release, and alleges it was secured from him by threats to incarcerate him, and as a result of a fear of imprisonment he executed the paper without a consideration. An examination of the whole case convinces me that these are not the facts. The notary public before whom the paper was executed, and two of Naretti's own countrymen, together with another witness, were called to show that he voluntarily, and with knowledge of what he was doing, executed this paper, and there is further evidence to establish the fact that he received $5 for so doing; and, moreover, during the pendency of the suit he had worked for Scully again from April 2d to June 16th, and in fact was working for him when the paper was executed. It is not necessary, nor is it relevant, to inquire who was in the right and who in the wrong in the affray which resulted in Naretti bringing this suit. Scully failed to appear and present his side of it, and we only hear his explanation upon this rule to file what purports to be a release. The respondent is to blame primarily for not having appeared as he should have done, and the costs in this case have accumulated as a result of his negligence. He should, therefore, in any event, pay this amount. It is the practice, as well as the law, that when a plaintiff in a case requires satisfaction to be entered on a judgment the clerk can require him to pay his costs before entering the satisfaction (Osborn v. U. S., 131 U. S. cxxxvii), and this is true whether the plaintiff appears in person, or through some one else to whom he has given authority by executing a power of attorney, or any other form of instrument authorizing him to have satisfaction recorded. If this power be placed in the hands of the defendant in the case when he presents his authority to have the judgment in the suit satisfied, it is his duty to present the amount of the costs accrued to that time, if they have not already been paid. It is necessary that he should do so in this case before his paper can be filed as a satisfaction in the case. The supplemental bill of costs was incurred as a result of Scully's neglect to appear at the proper time, and of the fact that, instead of coming into court in answer to the summons, or as soon thereafter as he knew of the existence of the judgment, he went about to settle the case with the plaintiff outside of court. He should therefore be required to pay all the costs before being permitted to file his release, which is practically a power of attorney from the libelant to enter satisfaction. The costs as filed in the supplemental bill are in accordance with section 983, Rev. St. U. S. [U. S. Comp. St. 1901, p. 706].

Let a decree be entered that upon John Scully, the respondent in this case, paying to the clerk of the District Court for the Eastern District of Pennsylvania the sum of $134 costs in the above case within 10 days from this date, then and in that case the clerk

is directed to file the said paper set forth in the petition as a satisfaction of said judgment, and if, at the expiration of this time, the said costs be not paid, the petition will be dismissed, and the prayer of the petitioner refused.